909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley BOSWELL, Plaintiff-Appellant,
v.
Lou MEYERS, Steven Andrew, Defendants-Appellees.
 No. 89-2144.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Boswell, a pro se Michigan prisoner, moves for the appointment of counsel and appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Boswell sued two Michigan state corrections officials at the Huron Valley prison alleging that they subjected him to cruel and unusual punishment when they placed him on a "food loaf" diet for fourteen days following a major misconduct charge of disobeying a direct order to return his food tray. Boswell alleged that the loaf was unappetizing and aggravated his diabetes and high blood pressure. Prison policy authorizes serving food loaves to those segregation inmates who refuse to return their trays. The magistrate recommended that defendants' motion to dismiss be granted, finding that serving food loaves did not violate the eighth amendment because the loaves met nutritional and caloric requirements. Upon de novo review of the magistrate's report, the district court dismissed the complaint after reviewing Boswell's objections.
 
 
 3
 On appeal, Boswell reasserts his claim and moves for the appointment of counsel.
 
 
 4
 Upon review, we deny the motion for counsel and affirm the district court's judgment. We conclude that Boswell was not subjected to cruel and unusual punishment when he was served food loaves because the loaves were nutritionally adequate for the maintenance of normal health, and they were prepared in accordance with the diabetic diet Boswell was regularly served. See Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977); United States v. Michigan, 680 F.Supp. 270, 275 (W.D.Mich.1988).
 
 
 5
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.